1   REICH RADCLIFFE & KUTTLER LLP
    Marc G. Reich (State Bar No. 159936)
2   mgr@reichradcliffe.com
    4675 MacArthur Court, Suite 550
3   Newport Beach, CA 92660
    Telephone: (949) 975-0512
4   Facsimile: (949) 975-0514

5   LAW OFFICES OF SCOTT A. BURSOR
    Scott A. Bursor
6   scott@bursor.com
    369 Lexington Ave., 10th Floor
7   New York, NY 10017-6531
    Telephone: (212) 989-9113
8   Facsimile: (212) 989-9163

9   Attorneys for Plaintiff

10              UNITED STATES DISTRICT COURT

11       CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

12   KATHY COOK, on behalf of herself and     Case No.  CV 10 0887 R (OPx)
     all others similarly situated,
13                                             CLASS ACTION COMPLAINT
                              Plaintiff,
14                                             JURY TRIAL DEMANDED
          v.
15
     AT&T MOBILITY, LLC,
16
                              Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

Plaintiff Kathy Cook brings this action on behalf of herself and all others similarly situated against defendant AT&T Mobility, LLC.  Plaintiff makes the following allegations upon information and belief, except as to allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      This is a class action against AT&T Mobility, LLC (hereafter "ATTM") for a fraudulent scheme to bill mobile phone customers for so-called "Data Pay Per Use" charges when those customers did not subscribe to or purchase such services.

2.      ATTM offers wireless data plans in conjunction with mobile phone service.  These wireless data plans generally include a monthly megabyte (MB) or gigabyte (GB) allowance and overage charges in the event the customer exceeds the monthly allowance.  Many of ATTM's mobile phone customers, however, choose not to purchase a wireless data plan for use with their mobile phones.  Nevertheless, ATTM's billing system is set up to automatically enroll these customers in "Data Pay Per Use" plans.  ATTM mobile phones have designated keys or icons that launch services, such as "MediaNet," and others, which cause data charges to be billed to the customer without notice that these services generate data transactions or data charges.  The vast bulk of these charges are incurred unwittingly, by customers accidentally pressing a key that launches the "Media Net" service.  Once triggered, the Media Net service provides no indication or warning that it will cause data services to be accessed, or data charges to be incurred.  Furthermore, even if the customer immediately closes the service or presses the "End" key, some small amount of data will be transferred – often as little as 1 kilobyte (KB), or less.

3.      Generally speaking, a 1 KB data transmission is too small to result in the provision of any actual service to the customer.  According to the "MediaNet Usage Samples" listed on ATTM's website, http://www.wireless.att.com/learn/messaging-internet/media-entertainment/faq.jsp (accessed November 15, 2010), checking email will typically involve transmission of

at least 4 KB, checking a sports score will typically involve transmission of at least 6 KB, checking a weather forecast is typically 8 KB, and reading a news headline is typically 10 KB.  There is no type of service listed that could be accomplished with a 1 KB data transmission.  Transmissions of less than 4 KB can only be explained as inadvertent, quickly-aborted transmissions that do not result in any service being provided to the customer.  Nevertheless, in many instances ATTM's billing system takes purported data transactions as small as 1 KB, rounds them up more than 1000-fold to 1 megabyte (MB),[1] and bills them as a "Data Pay Per Use" charge at $2.00 per MB.

4.     ATTM is well aware that it is billing these $2 charges to customers who have never actually subscribed to or purchased data services.  The "Feature & Service" support forum at ATTM's own website is replete with complaints about these charges.  One posting on the forum states:

> I have a 1400 minute a month family plan for three lines with unlimited texting.  None of us "intentionally" use Media Net.  But for the last couple of months, one or two of our lines has been charged $2 for a couple of kB of data "usage."[2]

Another posting on ATTM's forum states:

> There's simply no reason for ATT to take advantage of the poor consumer who accidentally hits the Media Net button. They might as well just print a $2 sign on that button instead of Media Net.[3]

Another posting on ATTM's forum states:

> [I]t should just be ILLEGAL to be billed for accidental usage since it's completely their fault for configuring the phones to make it so much easier to make those "accidents" happen.[4]

---

[1] 1 MB is equal to 1,024 KB.

[2] http://forums.wireless.att.com/t5/MEdia-Net/Tired-of-2-Charge-for-Data-When-I-Don-t-Use-It/td-p/1903846 (accessed 11/15/2010).

[3] *Id.*

[4] http://forums.wireless.att.com/t5/MEdia-Net/Tired-of-2-Charge-for-Data-When-I-Don-t-Use-It/td-p/1903846/page/2 (accessed 11/15/2010).

Another posting on ATTM's forum states:

> In theory, I suppose, we are only supposed to be charged for usage. But I know for a fact that when I've accidentally hit the Media Net button and seen the spinning ATT world globe that I have cancelled before I even get to any kind of browser or screen showing data that I might use.  And then I get the $2.00 charge anyway.[5]

Another posting on ATTM's forum states:

> I am really sick of them too - it makes me want to switch to a different carrier.  We have 2 phones that this happens to - the charge is $4 this month for nothing.[6]

Another posting on ATTM's forum states:

> I am getting these charges as well.  I have 2 Blackberries, one with data and one without.  Each one, I get one $2 media net charge.  It's BS.[7]

Another posting on ATTM's forum states:

> I was paying six bucks a month, regularly.  Ridiculous.  Emails to customer care result in them talking to me like I'm stupid and forgetting to lock my phone.  Then they suggest a parental block for 2.99.  More lunacy.  I'm going to pay 2.99 for a block so I don't get charged 2 bucks?  How can one not get frustrated?[8]

Another posting on ATTM's forum states:

> My husband has hit his Media Net key MANY times, by ACCIDENT, hurried and exited out of it and used 1 kb of data, according to ATT.  So, even if you hit that button and exit out quickly, it will say 1 kb.  I DO NOT agree with paying $2/mo for using 1 kb of data.  It IS totally ridiculous.[9]

Another posting on ATTM's forum states:

> I have this problem, too with 2 LG Arena GT950's.  As a result, we have requested the MediaNet block.  But this

---

[5] http://forums.wireless.att.com/t5/MEdia-Net/Tired-of-2-Charge-for-Data-When-I-Don-t-Use-It/td-p/1903846/page/3 (accessed 11/15/2010).

[6] http://forums.wireless.att.com/t5/MEdia-Net/Tired-of-2-Charge-for-Data-When-I-Don-t-Use-It/td-p/1903846/page/4 (accessed 11/15/2010).

[7] http://forums.wireless.att.com/t5/MEdia-Net/Tired-of-2-Charge-for-Data-When-I-Don-t-Use-It/td-p/1903846/page/5 (accessed 11/15/2010).

[8] *Id.*

[9] *Id.*

applies to all lines in our family plan and now we cannot send picture messages but still have to pay the full amount for family messaging.

It is a ripoff.  This sounds like a case for some type of class action lawsuit.[10]

5. Although these $2 charges have a modest effect on an individual customer's bill, they have a huge effect on ATTM's bottom line.  ATTM has 92.8 million customers.  Adding a $2 charge to millions of customers' phone bills generates an enormous amount of revenue.  In the third quarter of 2010, ATTM reported that its wireless data revenues increased $1.1 billion, or 30.5 percent, from the year-earlier quarter, to $4.8 billion.  A significant portion of the 30.5% increase was accomplished through ATTM's fraudulent scheme to rig customers' phones with trick buttons that trigger a $2 charge without notice to the customer, for purported services which the customer has never subscribed to.

## PARTIES

6. Plaintiff Kathy Cook is a resident of Newberry Springs, San Bernardino County, California.

7. Defendant AT&T Mobility LLC ("ATTM") is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and plaintiff, as well as most members of the proposed class, are citizens of states different from the state of the defendant.

9. The Court has personal jurisdiction over ATTM because (i) ATTM conducts continuous, regular and systematic business in this District, and (ii) ATTM transacts significant business within this District.

---

[10] *Id.*

10.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because ATTM transacts significant business within this District. Venue is also proper under 28 U.S.C. § 1391(c) because ATTM is subject to personal jurisdiction in this District.

**FACTUAL ALLEGATIONS CONCERNING PLAINTIFF KATHY COOK**

11.     Plaintiff Kathy Cook is an ATTM subscriber with two lines of service, one line with a phone number ending 1792, and a second line with a phone number ending 5040. Mrs. Cook has never subscribed to an ATTM data plan.

12.     On June 1, 2009, ATTM billed Mrs. Cook $0.40 for 40 KB of data pay per use charges on her 1792 line, consisting of two purported data transactions of 14 KB and 26 KB.

13.     On August 1, 2009, ATTM billed Mrs. Cook $0.10 for 1 KB of data pay per use charges on her 1792 line, consisting of one purported data transaction of 1 KB.

14.     On September 1, 2009, ATTM billed Mrs. Cook $2.00 for 1 MB of data pay per use charges on her 1792 line, consisting of nine purported data transactions 1 KB, 1 KB, 1 KB, 1 KB, 1 KB, 1 KB, 2 KB, 15 KB, and 23 KB, which totaled 46 KB and were rounded up more than 20-fold to 1 MB. ATTM also billed Mrs. Cook $2.00 for 1 MB of data pay per use charges on her 5040 line for a purported data transaction of 7 KB, which was rounded up 146-fold to 1 MB.

15.     On October 1, 2009, ATTM billed Mrs. Cook $0.21 for 21 KB of data pay per use charges on her 5040 line, consisting of three purported data transactions of 1 KB, 9 KB, and 11 KB.

16.     On November 1, 2009, ATTM billed Mrs. Cook $0.18 for 18 KB of data pay per use charges on her 1792 line, consisting of three purported data transactions of 2 KB, 2 KB, and 18 KB.

17.     On December 1, 2009, ATTM billed Mrs. Cook $0.14 for 14 KB of data pay per use charges on her 1792 line, consisting of three purported data transactions of 1 KB, 2 KB, and 11 KB.

18.    On January 1, 2010, ATTM billed Mrs. Cook $0.44 for 44 KB of data pay per use charges on her 1792, consisting of a single purported data transaction of 44KB.

19.    On February 1, 2010, ATTM billed Mrs. Cook $1.09 for data pay per use charges on her 1792 line, consisting of four purported data transactions of 2 KB, 14 KB, 27 KB, and 66KB.

20.    On April 1, 2010, ATTM billed Mrs. Cook $0.98 for 98 KB data pay per use charges on her 5040 line, consisting of a single purported data transaction of 98KB.

21.    On May 1, 2010, ATTM billed Mrs. Cook $5.09 for 509 KB of data pay per use charges on her 1792 line, consisting of thirty seven purported data transactions of 1 KB, 1 KB, 1 KB, 2 KB, 2 KB, 2 KB, 2 KB, 2 KB, 2 KB, 2 KB, 3 KB, 3 KB, 3 KB, 3 KB, 3 KB, 3 KB, 3 KB, 3 KB, 5 KB, 5 KB, 9 KB, 9 KB, 11 KB, 12 KB, 12 KB, 12 KB, 15 KB, 15 KB, 15 KB, 20 KB, 20 KB, 21 KB, 21 KB, 38 KB, 67 KB, 79 KB, and 82 KB.  ATTM also billed Mrs. Cook $1.31 for 131 KB of purported data pay per use charges on her 5040 line, consisting of five purported data transactions of 9 KB, 22 KB, 28 KB, 35 KB, and 37 KB.

22.    On June 1, 2010, ATTM billed Mrs. Cook $0.58 for 58 KB of data pay per use charges on her 1792 line, consisting of eighteen purported data transactions of 1 KB, 1 KB, 1 KB, 1 KB, 1 KB, 1 KB, 1 KB, 1 KB, 1 KB, 1 KB, 1 KB, 1 KB, 1 KB, 1 KB, 2 KB, 3 KB, 16 KB, and 23 KB.  ATTM also billed Mrs. Cook $0.55 for 55 KB of data pay per use charges on her 5040 line, consisting of three purported data transactions of 10 KB, 19 KB, and 26 KB.

23.    On July 1, 2010, ATTM billed Mrs. Cook $2.00 for 1 MB of data pay per use charges on her 1792 line, consisting of seven purported data transactions of 1 KB, 1 KB, 1 KB, 3 KB, 3 KB, 18 KB, and 31 KB, which totaled 58 KB and was rounded up more than 17-fold to 1 MB.  ATTM also billed Mrs. Cook $2.00 for 1 MB of data pay per use charges on her 5040 line, consisting of two purported data

transactions of 2 KB and 4 KB, which totaled 6 KB and was rounded up more than 170-fold to 1 MB.

24.     On August 1, 2010, ATTM billed Mrs. Cook $2.00 for 1 MB of data pay per use charges on her 1792 line, consisting of eight purported data transactions of 1 KB, 1 KB, 1 KB, 1 KB, 1 KB, 1 KB, 1 KB, and 21 KB, which totaled 28 KB and was rounded up more than 36-fold to 1 MB.  ATTM also billed Mrs. Cook $2.00 for 1 MB of data pay per use charges on her 5040 line, consisting of four purported data transactions of 2 KB, 2 KB, 7 KB, and 22 KB, which totaled 33 KB and was rounded up more than 31-fold to 1 MB.

25.     On September 1, 2010, ATTM billed Mrs. Cook $2.00 for 1 MB of data pay per use charges on her 1792 line, consisting of nine purported data transactions of 1 KB, 1 KB, 1 KB, 1 KB, 1 KB, 1 KB, 2 KB, 15 KB, and 23 KB, which totaled 46 KB and was rounded up more than 22-fold to 1 MB.  ATTM also billed Mrs. Cook $2.00 for 1 MB of data pay per use charges on her 5040 line, which consisted of a single purported data transaction of 7 KB and was rounded up more than 146-fold to 1 MB.

26.     On October 1, 2010, ATTM billed Mrs. Cook $2.00 for 1 MB of data pay per use charges on her 1792 line, consisting of nine purported data transactions of 1 KB, 1 KB, 1 KB, 1 KB, 1 KB, 2 KB, 19 KB, 22 KB, and 28 KB, which totaled 76 KG and was rounded up more than 13-fold to 1 MB.  ATTM also billed Mrs. Cook $2.00 for 1 MB of data pay per use charges on her 5040 line, which consisted of a single purported data transaction of 6 KB, which was rounded up more than 170-fold to 1 MB.

27.     Mrs. Cook never subscribed to an ATTM data plan, never actually purchased any ATTM data service.  Between June 1, 2009 and October 1, 2010, ATTM billed Ms. Cook $30.98 in data pay per use charges for services that she did not subscribe to.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff seeks to represent a class defined as all persons in the United States and its territories who were enrolled in ATTM's Data Pay Per Use plans and incurred Data Pay Per Use charges without having affirmatively subscribed to an ATTM data plan (hereafter, the "Class").

29.     Plaintiff also seeks to represent a subclass defined as all Class members whose accounts show a California area code and billing address (hereafter, the "California Subclass").

30.     Members of the Class and California Subclass are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class and California Subclass number in the millions.  The precise number of Class members and their identities are unknown to plaintiff at this time but will be determined through discovery.  Class members may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendants and third party retailers and vendors.

31.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to:

      a.  whether ATTM improperly billed Class members for data pay per use charges for services they did not subscribe to or purchase;

      b.  whether such conduct constituted a breach of contract;

      c.  whether ATTM was unjustly enriched by such charges; and

      d.  whether ATTM's practices and charges  of billing data pay per use charges to customers who did not affirmatively subscribe to such services is an unjust or unreasonable charge or practice under 47 U.S.C. § 201(b);

32.     Common questions of law and fact exist as to all California Subclass members, and predominate over questions affecting only individual California

Subclass members. These common legal and factual questions include, but are not limited to:

    a.   whether ATTM's practice of billing data pay per use charges to customers who did not affirmatively subscribe to such services is an unlawful, unfair, or fraudulent business practice under California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200 *et seq*.

33. The claims of plaintiff Kathy Cook are typical of the claims of Class and members, because each Plaintiff and Class member incurred data pay per use charges without affirmatively subscribing to such services.

34. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained counsel competent and experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by plaintiff and her counsel.

35. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I

### (Common Count For Money Had And Received)

36.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

37.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and California Subclass against defendant ATTM.

38.     ATTM has improperly billed plaintiff and Class members for data pay per use charges for services that they did not affirmatively subscribe to.

39.     As a proximate result of ATTM's improper billings of data pay per use charges, ATTM has received monies from plaintiff and Class members, and ATTM has no right thereto.

40.     The monies received by ATTM for these charges belong to plaintiff and Class members and must be returned to them.

41.     WHEREFOR, plaintiff seeks an order requiring ATTM to:

        (a) Pay damages according to proof;

        (b) Immediately cease the improper billing of data pay per use charges;

        (c) Make full restitution of all monies wrongfully obtained; and

        (d) Disgorge all ill-gotten revenues and/or profits.

## COUNT II

### (Breach Of Contract)

42.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

43.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and California Subclass against defendant ATTM.

44.     Plaintiff and Class members are parties to a valid contract with ATTM.

45.     Plaintiff and Class members have performed all of their duties and obligations under such contracts, except those excused by ATTM's nonperformance.

46.     ATTM breached the contracts with plaintiff and Class members by billing them for data payer per use charges for services they did not affirmatively subscribe to.

47.     Plaintiff and Class members incurred damage as a proximate result of ATTM's breach because they paid the improper charges.

48.     WHEREFOR, plaintiff seeks an order requiring ATTM to:

> (a) Pay damages according to proof;
>
> (b) Immediately cease the improper billing of data pay per use charges;
>
> (c) Make full restitution of all monies wrongfully obtained; and
>
> (d) Disgorge all ill-gotten revenues and/or profits.

## COUNT III
### (Unjust Enrichment)

49.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

50.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and California Subclass against defendant ATTM.

51.     ATTM received benefits from, and at the expense of plaintiff and Class members who paid data pay per use charges for services they did not affirmatively subscribe to.

52.     It would be unjust for ATTM to retain those benefits at the expense of plaintiff and Class members.

53.     WHEREFOR, plaintiff seeks an order requiring ATTM to:

> (a) Pay damages according to proof;

(b) Immediately cease the improper billing of data pay per use charges;

(c) Make full restitution of all monies wrongfully obtained; and

(d) Disgorge all ill-gotten revenues and/or profits.

## COUNT IV

### (Violation Of 47 U.S.C. § 201(b))

54.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

55.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against defendant ATTM.

56.    This court has jurisdiction over this claim pursuant to 47 U.S.C. § 207.

57.    ATTM's charges and practices of billing data pay per use charges for services customers did not affirmatively subscribe to are unjust and unreasonable in violation of 47 U.S.C. § 201(b).

58.    Plaintiff and Class members have standing to bring suit for the recovery of damages in any district court of competent jurisdiction under 47 U.S.C. § 207, because they incurred damage as a proximate result of ATTM's violation of 47 U.S.C. § 201(b) because they paid unjust and unreasonable data pay per use charges for services they did not affirmatively subscribe to.

59.    WHEREFOR, plaintiff seeks an order, under 47 U.S.C. § 206, requiring ATTM to pay the full amount of damages sustained in consequence of ATTM's violations, together with a reasonable counsel or attorney's fee, to be fixed by the court in every case of recovery, which attorney's fee shall be taxed and collected as part of the costs in the case.

**COUNT V**

**(Unlawful, Unfair, and Fraudulent Business Practices in Violation of the Unfair Competition Law, California Business and Professions Code §§ 17200 *et seq.*)**

60. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

61. Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass against defendant ATTM.

62. ATTM's charges and practices of billing data pay per use charges for services that customers did not subscribe to or purchase are unlawful, unfair and fraudulent business practices in violation of Bus. & Prof. Code §§ 17200 *et seq.*

63. Plaintiff and members of the California Subclass have suffered an injury in fact as a resulting in the loss of money as a result of ATTM's unlawful, unfair and fraudulent business practices, because they have paid monies to ATTM for data pay per use charges for services they did not affirmatively subscribe to.

64. WHEREFOR, plaintiff seeks an order, pursuant to Bus. & Prof. Code § 17203, (a) permanently enjoining ATTM from continuing to bill customers for data pay per use charges for services they did not affirmatively subscribe to, (b) ordering ATTM to reverse any such charges that remain pending or unpaid, (c) ordering ATTM to make full restitution of all monies obtained as a result of these charges, and (d) to disgorge all ill-gotten revenues and/or profits obtained as a result of these charges.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, on behalf of herself and on behalf of the members of the proposed Class and California Subclass, prays: (a) for all forms of relief set forth above, (b) for an order certifying the proposed Class and California Subclass and appointing plaintiff and her undersigned counsel of record to represent the proposed Class and California Subclass, (c) for punitive damages, (d) for costs of suit herein;

1    (e) for both pre- and post-judge interest on any amounts awarded, (d) for payment of

2    reasonable attorneys' fees, and (e) for such other and further relief as the Court may

3    deem proper.

4                          **DEMAND FOR JURY TRIAL**

5         Plaintiff demands a trial by jury.

6

7    Dated:  November 18, 2010          REICH RADCLIFFE & KUTTLER LLP

8

9                                            *Marc G. Reich*

10                                   By_____

11                                            Marc G. Reich

12                                   4675 MacArthur Court, Suite 550
                                     Newport Beach, CA  92660
13                                   Telephone:  (949) 975-0512
                                     Facsimile:  (949) 975-0514
14
                                     LAW OFFICES OF SCOTT A. BURSOR
15                                   Scott A. Bursor
                                     369 Lexington Ave., 10th Floor
16                                   New York, NY  10017-6531
                                     Telephone:  (212) 989-9113
17                                   Facsimile:  (212) 989-9163

18                                   Attorneys for Plaintiff

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

### CV10- 8870 R (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

=============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Kathy Cook, *ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,*

**CV 10 - 08870 R (OPx)**

PLAINTIFF(S)

CASE NUMBER

v.

*AT+T* Mobility, LLC,

**SUMMONS**

DEFENDANT(S).

TO:   DEFENDANT(S): AT&T Mobility, LLC

A lawsuit has been filed against you.

Within _2b_____ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Marc G. Reich_____ , whose address is Reich Radcliffe & Kuttler LLP, 4675 MacArthur Court, #550, Newport Beach, CA 92660_____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**TERRY NAFISI**

Clerk, U.S. District Court

Dated: ____NOV 1 8 2010____

By: _____
                    Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

                                                                    CCD-1A

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Kathy Cook | AT&T Mobility, LLC |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Marc G. Reich, SBN 159936<br>Reich Radcliffe & Kuttler LLP<br>4675 MacArthur Court<br>Suite 550<br>Newport Beach, CA 92660<br>949 975-0512 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** To Be Proven

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

17 U.S.C. § 201(b) - unjust and unreasonable charges.
28 U.S.C. § 1332(d)(2)(A) - class action for more than $5 million where class members reside in different states than the defendant.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☒ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number:  CV 10 - 08870 R (OPx)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  CIVIL COVER SHEET

CCD-JS44

Page 1 of 2

NOV 18 2010

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  [ ]  A. Arise from the same or closely related transactions, happenings, or events; or

[ ]  B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]  D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Georgia | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _Marc G. Reich_    Date 11/18/10

Marc G. Reich

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |